Ceanch, O. J.,
delivered the opinion of the Court.
Two grounds of equity are relied upon by the bill. 1st. That the complainants have paid the whole amount of the bonds except a sum not exceeding three hundred dollars. But it does not state .how, nor when, the money was paid, nor why they did not avail themselves of those payments at law; nor why they did not prove those payments to J. D. Barry, who was by consent to have ascertained what payments had been made, and the plaintiff at law had bound himself on record to allow them if shown at any time within two months after the rendition of the judgment, and the plaintiff had agreed to stay execution for that purpose until that period had elapsed. The bill contains no attempt to account for that negligence; nor does it state any payments or offsets, of which the complainants might not have availed themselves at law. The allegation of payment therefore shows no ground of equity. 2d. The second ground of relief relied on by the bill, is, that the legal estate in the land purchased, has descended to infants who are incapable of making a valid conveyance. This is no reason why the money should not finally be paid to the administrator, but it might have been a reason for a temporary injunction, provided the complainants had at the same time made the heirs parties to the bill and had proceeded against them to obtain a conveyance. It is owing to the default of the complainants in not paying the money in the lifetime of Young, that they have not long ago received the title; and to give them further time, on account of the delay necessary to obtain a decree for a conveyance, would be to give the complainants an advantage by their own wrong ; an advantage which they ought not to enjoy, especially as they have taken no measures to obtain a conveyance, in the only manner in which it can now be obtained.
*391 It is objected that, on payment of the money, the complainants are entitled to a conveyance clear of expense; this would be true if they were in no default. But if they were to file their bill now against the infants and obtain a conveyance by that means, the Court would not oblige the infants to pay the costs, because neither they nor their father have been in any default. The complainants ought to have made the heirs parties to the bill, because the administrator had no power to convey, and perhaps had no means of compelling the heirs to convey. It is setting up against the administrator an objection applicable only to the heirs, and which they alone by the aid of the Court, can remove ; and unless they are made parties, the same objection must continue at least, until all the heirs come of age ; and may be perpetual, unless the heirs should choose, after they come of age, to make the conveyance. The bill does not state that a conveyance was ever demanded of Young, in his lifetime, nor that he ever refused to convey. The answer shows that the whole purchase-money .became due a year before the death of Mr. Young, and that he pressed the complainants for payment, which they neglected, and it denies that a conveyance was ever demanded of him. The obstacles which his death have thrown in the way are the consequence of the neglect and default of the complainants, and it was incumbent upon them to seek to remove them. As neither the administrator nor his heirs have been guilty of default, and as the complainants have not requested the aid of this Court to obtain a title, there is no equitable ground for continuing the injunction.
Injunction dissolved.